IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01152-BNB

KENNETH L. SHEPARD,

    Applicant,

v.

THE DENVER SHERIFF'S DEPARTMENT,
UNDERSHERIFF GARY WILSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Kenneth L. Shepard, is a pretrial detainee and currently is held at the Downtown Detention Center in Denver, Colorado. Mr. Shepard, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. In the Application, Mr. Shepard asserts two claims, including (1) the police lacked probable cause to arrest him; and (2) he did not consent to the search of his vehicle. All claims involve Mr. Shepard's ongoing state criminal proceeding in Case No. 12CR00418. Mr. Shepard seeks dismissal of the charges against him and release from detention.

    The Court must construe the Application liberally because Mr. Shepard is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Shepard is a pretrial detainee and is subject to untried charges. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a party must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

The Supreme Court has established three factors that are relevant to determine whether abstention is required under *Younger*, *see Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006) (citations omitted), including whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation and quotation marks omitted). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* (citation omitted).

In the instant action, all three conditions are met. Mr. Shepard is involved in a state criminal proceeding that is ongoing, as evidenced by his pending criminal trial in the Denver County District Court. Second, Mr. Shepard has not demonstrated that the state court is not an adequate forum to hear his constitutional challenges. Third, there

are important state interests in allowing the Colorado state court to resolve the issues brought by Mr. Shepard.

Further, no exceptions to *Younger* exist in this case.  Mr. Shepard's challenge of his arrest and the search of his vehicle do not demonstrate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court, criminal proceedings.  *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).  Because Mr. Shepard  fails to assert an exception to *Younger*, the Court should abstain from exercising jurisdiction.  *See, e.g., D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

Moreover, if Mr. Shepard's sentence and conviction are ultimately upheld in state court, and he believes that his federal constitutional rights were violated, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __29th__ day of ___May___, 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court